**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ROY NEALY**                                                                                               **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 4:11-cv-187-HTW-LRA**

**SHERIFF JAMES MOORE**                                                      **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Roy Nealy (hereinafter "Nealy" or "Plaintiff") filed this Complaint under 42 U.S.C. § 1983 alleging that he was beaten by a state inmate while housed in Defendant Sheriff James Moore's custody. According to Plaintiff, he was not satisfied with the medical care that he received after the altercation. The case is now before the undersigned on the Motion to Dismiss and/or for Summary Judgment [ECF No. 26] filed by Defendant Moore. Defendant alleges that Nealy failed to exhaust the remedies available to him both through the Administrative Remedy Program (ARP) of the Mississippi Department of Corrections (MDOC) and through the local procedure for making complaints at the Kemper-Neshoba Regional Correctional Facility ("KNRCF"). Having considered the pleadings and the applicable law, the undersigned recommends that the Motion to Dismiss and/or for Summary Judgment be **granted** for the reasons that follow and that this case be dismissed.

Nealy filed this Complaint on November 23, 2011, while housed at the KNRCF, after having been arrested by the Dekalb, Mississippi, Police Department for driving with a suspended license and for being in violation of child support orders. The jail records indicate Nealy was involved in an altercation with another inmate on October 21, 2011. According to records and affidavits provided by Defendant in support of his motion, Plaintiff received an injury to his eye but denied needing medical attention; he refused medical attention. He requested medical care on November 22, 2011, regarding the same incident, stating that his "eye and elbows are hurting, I think I need a x-ray." [ECF No. 27-4]. He was taken to the jail medical facility and examined and treated by nurse Geneva Westerfield. No injury was noted, but he was prescribed Ibuprofen. A mental health appointment was made for Nealy on December 15, 2011.

According to the supporting exhibits and affidavits, Plaintiff was aware that he could utilize the MDOC ARP program, or the local procedure. Nevertheless, Plaintiff did not use these procedures; he instead filed this complaint on the next day after he was taken to the medical unit, November 23, 2011. According to Defendant, Plaintiff had been an inmate at KNRCF many times since 2000 and was aware of the procedures and options available to him to make a complaint or request; he failed to do so.

Plaintiff admitted in his Complaint that he did not file a grievance (ECF No. 1, p. 5). He stated that his claims were presented by verbal request, and that the administration would not allow him to "file charges." According to Plaintiff, the Warden told him that "we will handle this later."

Defendant filed his motion on September 20, 2013.  By Text Only Order, Plaintiff was directed to respond to the motion on or before November 5, 2013.  If he does file a response to the motion prior to November 5, 2013, his assertions should be considered.  An omnibus hearing was conducted on October 24, 2013.  Defense counsel attended the hearing, but Plaintiff neither appeared at the hearing or notified the Court that he would not attend or that he had a conflict with the setting.  Plaintiff has not rebutted any of the assertions set forth by Defendant in his motion, nor has he provided the Court with evidence which rebuts the evidence contained in exhibits and affidavits filed by Defendant to support his allegations.

## ANALYSIS

In the instant case, Defendant alleges that Plaintiff failed to complete the entire administrative review process before filing suit.  The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust available administrative remedies.  *Wendall v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).  Exhaustion is no longer left to the discretion of the district court, but is mandatory.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the

grievance process must be carried through to its conclusion.  *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).  This is so, regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages.  *Id.*

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez)*.  In an earlier case, the Fifth Circuit had held that "a non-jurisdictional exhaustion requirement may, in certain rare instances, be excused."  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).  The Court in *Gonzalez* discussed the Supreme Court decisions in *Jones v. Bock* and *Woodford v. Ngo*, finding that the ruling in *Underwood* was no longer valid.  Specifically, the Court found:

> After *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory.  We thus hold that *Underwood* has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion.  District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

The PLRA governs all of the instant Plaintiff's claims.  Accordingly, Plaintiff was required to complete the ARP or the facility's grievance procedure in its entirety before

filing suit under § 1983.  If Plaintiff has failed to comply with this mandate, dismissal is appropriate.  *Id.* at 359.

According to the allegations in the Complaint, Plaintiff was not "allowed" to "file charges," and was told the matter would be handled "later."  Defendant has rebutted this contention by his supporting documentation, and Plaintiff has not come forward with competing evidence.   The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth*, 532 U.S. at 740 n. 5.  In this case, Nealy did not exhaust the administrative remedies available to him, and the Court has no choice but to dismiss his claims.

Plaintiff has been released from the KNRCF and has obviously lost interest in pursuing his claims.  Although his case was set for omnibus hearing on October 24, 2013, he did not attend or contact the Court to report a conflict with the setting.  This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary

5

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against him.

Defense counsel did attend the hearing on October 24, 2013, and Defendant incurred legal costs as a result. Plaintiff should not be allowed to cause Defendant to incur further legal costs in defending these claims. Had Plaintiff utilized the jail procedures for grievances, his complaints regarding his medical care could probably have been resolved without legal action.

## CONCLUSION

Because Plaintiff has failed to come forward with evidence rebutting Defendant's assertions, the undersigned finds that Plaintiff failed to pursue the administrative remedies available to him. For this reason, it is the undersigned's opinion that Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [26] should be **granted** on the grounds that he did not exhaust his administrative remedies prior to filing suit. Alternatively, the Complaint should be dismissed due to Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b). The Complaint should be dismissed and Final Judgment entered in favor of Defendant.

In accordance with the rules and 28 U.S.C. § 636(b)(1), either party may serve and file written objections to these recommendations within 14 days after service. The parties are hereby notified that failure to file timely written objections to the proposed findings,

conclusions, and recommendations contained within this report and recommendation shall bar a party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 28th day of October, 2013.

                                      /s/ Linda R. Anderson
                            UNITED STATES MAGISTRATE JUDGE